The Honorable Don Sallee, Chairman Joint Committee on Administrative Rules and Regulations R.R. #2 Troy, Kansas 66087
Dear Senator Sallee:
As chairman of the joint committee on administrative rules and regulations, you ask our opinion regarding whether the secretary of health and environment has authority pursuant to K.S.A. 65-101 to adopt a regulation which prohibits the keeping of certain mammals as pets and prohibits the removal of musk glands of skunks for the purpose of attempting to domesticate the mammal.
K.S.A. 65-101(a) provides the secretary with broad authority to "exercise supervision of the health of the people of the state," including authority to take action to prevent the introduction or spread of infectious or contagious disease into Kansas. Further, the secretary is authorized to adopt rules and regulations necessary to carry out that task. K.S.A. 65-101(b).
In 1983 the secretary adopted K.A.R. 28-1-14, rabies control in wildlife, under the authority of K.S.A. 65-101. At that time subsection (a) of the regulation prohibited the possession or sale of striped or spotted skunks, civit cats, raccoons, foxes and coyotes for keeping as pets; section (b) prohibited the removal of musk glands of skunks and civit cats for purposes of attempted domestication. Earlier this year the secretary proposed modifications to those sections of K.A.R. 28-1-14
to provide:
 "(a) The possession or sale of skunks, racoons, foxes and coyotes for keeping of these mammals as pets shall be prohibited.
 "(b) Removal of musk glands of skunks for purposes of attempted domestication shall be prohibited."
Your inquiry, in effect, questions the secretary's statutory authority to have adopted the original version of the regulation as well as the current proposed modifications. As required by K.S.A. 1995 Supp. 77-415, the regulation was submitted to the attorney general for an opinion on its "legality." Both times this office approved the regulation, finding it was authorized by K.S.A. 65-101.
As indicated, K.S.A. 65-101 provides the secretary with broad authority to take preventive action against the introduction and spread of infectious or contagious disease in Kansas. We are informed by the secretary that the animals specified in subsection (a) of the proposed modification to K.A.R. 28-1-14 are known to be vectors for rabies virus and no rabies vaccine is proven effective in them. Thus, prohibiting the possession or sale of such animals for keeping as pets appears a reasonable measure to protect Kansans from the threat of rabies.
We are further informed by the secretary that, for obvious reasons, prohibiting the removal of musk glands of skunks for purposes of attempted domestication serves to deter the keeping of skunks as pets. We note that this section serves primarily as a prohibition against licensed veterinarians who, with some exceptions, are the only persons lawfully authorized to perform such a procedure. K.S.A. 47-817. See K.S.A.47-816(g), definition of practice of veterinary medicine. Again this appears to be a reasonable preventive measure designed to protect the people of this state against rabies.
We conclude that the version of K.S.A. 65-101 in effect in 1983 (L. 1981, ch. 240, § 1) provided the secretary of health and environment with statutory authority to adopt the original version of K.A.R.28-1-14(a) and (b), and that K.S.A. 65-101 currently provides the secretary statutory authority to adopt the proposed modifications to K.A.R. 28-1-14(a) and (b). Thus in our opinion the secretary of health and environment has statutory authority to adopt a regulation which prohibits the keeping of certain mammals as pets and prohibits the removal of musk glands of skunks for the purpose of attempting to domesticate the mammal.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm